UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KARA LEE SWIER,<br><br>                    Plaintiff,<br><br>vs.<br><br>UNIFI AVIATION, LLC,<br><br>                    Defendant. | 4:26-CV-4076-RAL<br><br><br>ORDER DENYING MOTION TO APPOINT<br>COUNSEL |

Plaintiff Kara Lee Swier filed this pro se lawsuit alleging that her former employer, Unifi Aviation, LLC, violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Doc. 1. Swier has now moved twice to appoint counsel. Docs. 2, 8. Though Swier has no constitutional right to appointed counsel in this civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), Title VII authorizes the Court to appoint counsel "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1).

Courts determining whether to appoint counsel under Title VII "consider the merits of the claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial ability to retain an attorney." Hale v. N. Little Rock Hous. Auth., 720 F.2d 996, 998 (8th Cir. 1983) (per curiam). Courts should also consider "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

1

Swier's Complaint arises from her termination from employment with Unifi Aviation. Swier contends she has contacted four law firms in her search for counsel but has not been able to secure counsel because of her poverty. Doc. 2. She also writes that she cannot serve a summons on anyone until she receives legal advice. Doc. 8 at 2.

Swier's filings demonstrate an understanding of the legal process and the nature of the claims asserted in this action. The nature of Swier's claims does not appear complex, and she appears to have the ability to investigate relevant facts, identify her legal claims, and present those claims adequately. Although Swier has demonstrated financial need and efforts to obtain counsel, she appears presently capable of pursuing her claims pro se. Pro se parties are capable of arranging for service. If an evidentiary hearing or trial becomes necessary, this Court may appoint counsel, but at this stage of the proceedings, her motions to appoint counsel, Docs. 2 and 8, are denied.

The Clerk of Court issued a summons for Swier to serve. Every corporation doing business in South Dakota must have a registered agent, and that information concerning the identity of Unifi Aviation's registered agent should be available on the South Dakota Secretary of State's website. Swier should reference Rule 4 of the Federal Rules of Civil Procedure and consider arranging service on the Defendant's registered agent in South Dakota.

Accordingly, it is

ORDERED that Swier's motions to appoint counsel, Docs. 2, 8, are denied.

DATED __16ᵗʰ__ of June, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

2